UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID LEE HARMON,

    Plaintiff,

v.　　　　　　　　　　　　　　Case No: 2:20-cv-165-FtM-29MRM

SEAN LUX, Assistant State Attorney and STATE ATTORNEYS OFFICE,

    Defendants.

_____

**ORDER OF DISMISSAL**

This matter comes before the Court on initial review of the file. Plaintiff David Lee Harmon, who is confined in the Charlotte County Jail, filed a Civil Rights Complaint under 42 U.S.C. § 1983 (Doc. #1, Complaint). The Complaint names Sean Lux, an Assistant State Attorney and the State Attorney's Office as the defendants. (Id. at 3). The Complaint brings claims for "reckless endangerment, deliberate indifference, negligent infliction of emotional distress," and various negligence claims. (Id. at 5). In support, Harmon states he was injured in an automobile accident in March and was informed by the jail medical provider and his public defender that "[he] was put in for a medical bond" but "Mr. Lux never let the judge know." (Id. at 5-6). Harmon claims because Lux failed to advise the judge of his medical bond, he was "involved in an accident on the day of his surgery, and hurt the

next day by a deputy." (Id. at 6).  As relief, Harmon seeks monetary relief and punitive damages. (Id. at 7).

The Prison Litigation Reform permits a court to *sua sponte* dismiss a prisoner's complaint before service.  28 U.S.C. § 1915A(a).  Grounds which warrant a *sua sponte* dismissal include a finding that the complaint is frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or fails to state acclaim upon which relief can be granted. Id., § 1915((b)(1)&(2).  A claim is frivolous where it is apparent from the face of the complaint the allegations are "clearly baseless" or the "legal theories are indisputable meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  A claim is also frivolous as a matter of law where the defendant is immune from suit. Neitzke v. Williams, 490 U.S. 319, 327 (1989).

To the extent discernable, Harmon attributes liability to Lux for Lux's alleged failure to advise the state court of Harmon's application for a medical bond, or Lux's opposition to Harmon's release on a medical bond given the fact that Harmon acknowledges his public defender knew about the application.  Harmon faults Lux for injuries he sustained when he was injured in an accident while being transported for surgery.  Liberally construed, the Complaint suggests that Lux's actions denied, delayed or interfered with

Harmon's medical care in violation of the Eighth or Fourteenth Amendments.[1]

Prosecutors have absolute immunity from § 1983 actions that arise from the prosecutor's conduct "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Absolute immunity applies to a prosecutor's actions undertaken as an advocate for the State. Hart v. Hodges, 587 F.3d 1288, 1295 (11th Cir. 2009). Activities as an advocate include initiating and presenting the State's case in a judicial proceeding. Buckley v. Fitzsimmons, 509 U.S. 259, 269-70 (1993). This function encompasses a wide range of conduct including illegal and unconstitutional conduct, such as "filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate complaints about the prison system, and threatening further criminal prosecutions." Hart, 587 F.3d at 1295 (quoting Henzel v. Gerstein, 608 F.2d 654, 657 (5th Cir. 1979)). Harmon attributes liability to Lux on the basis Lux failed to advise the state court of his application for medical release or opposed the same. The Eleventh Circuit in Hart clarifies that when acting as an advocate "the absolute immunity doctrine has evolved such that

---

[1] Plaintiff appears to be a pre-trial detainee.

even wrongful or malicious acts by prosecutors are allowed to go unredressed." Id., 587 F.3d at 1298. Actions taken in connection with bail applications are prosecutorial and protected by absolute immunity. Pinaud v. County of Suffolk, 52 F.3d 1139, 1149 (2d Cir. 1995). The Court finds the act upon which Harmon premises his claim was an act undertaken within Lux's function as an advocate for which Lux has absolute immunity from suit. See Spano v. Satz, No. 09-60255-CIV, 2011 WL 1303147, at *6 (S.D. Fla. Mar. 31, 2011)(finding state prosecutor has absolute immunity regarding inmate's claim that prosecutor denied request for medical bond).

Alternatively, the Eight Amendment establishes that "prison officials may have a duty to porrect the health and safety of inmates in their custody, but that duty does not extend to prosecutors." Spano (quoting Romer v. Morgenthau, 119 F. Supp. 2d 346, 362-63 (S.D.N.Y. 2000)); see also Morris v. Doyle, 2010 WL 2326042 *7 (E.D. Missouri June 8, 2010)("it is the responsibility of prison officials to protect inmates from harm, not that of state prosecutors or investigators."). Thus, Harmon cannot state an Eighth Amendment claim against Lux related to his medical care or the harm from a deputy he allegedly suffered while in jail.

Assuming Harmon has a viable state common law negligence claim against Lux, the Court declines to exercise supplemental

jurisdiction over this claim and dismisses any state law claims without prejudice. 28 U.S.C. §1367(c).

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Complaint (Doc. #1) predicated upon § 1983 is dismissed **with prejudice** under § 1915A(b)(1)&(2).

2. The Court dismisses **without prejudice** any state law claims.

3. The **Clerk of Court** shall terminate any pending motions, enter judgment, and close this file.

**DONE and ORDERED** at Fort Myers, Florida, this __15th__ day of April, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:
Counsel of Record